## R. B. Robbins, Defendant in Error, v. L. P. Hammond, Plaintiff in Error.

### Gen. No. 15,604.

MUNICIPAL COURT—*effect given to finding of court.* The finding of a court who has tried a case without a jury is given the same effect as the verdict of a jury and such finding will not be set aside as against the weight of the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the Hon. McKENZIE

CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed June 16, 1911.

WARREN B. WILSON, for plaintiff in error.

LEDBETTER, CARPENTER & EXTER, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

The plaintiff in error was engaged in the real estate business under the name of L. P. Hammond & Co., and from the record was apparently devoting his attention largely to the sale of lands in Texas.

Hammond wrote to Robbins under date of July 13, 1908, among other things as follows:

"We will guarantee you $100 per month, together with your legitimate and necessary expenses, to appoint agents and solicit buyers for these lands, and in addition will allow you 25 cents per acre on the work accomplished through any agent you may appoint."

The defendant in error began work the next day, and up to the time of beginning suit had received no compensation for his services excepting the sum of $25. He was discharged on January 19, 1909, after having been employed somewhat over six months.

The record shows that about thirty days after the defendant in error entered the employment of the plaintiff in error, the parties had a conversation resulting in an oral agreement, as claimed by Hammond, that he should continue to advance expenses but that Robbins' compensation should depend entirely upon the amount of sales he made, and that the guarantee of $100 per month should be eliminated. Robbins denies that there was any agreement on his part to release Hammond from the payment of his monthly salary. He did not demand his salary each month, but he accounts for this by saying that he wanted to get it all at one time in order to continue his work as a college student.

Aside from the parties, the only witness heard was C. J.

Wait, who was called by the defendant. He testified that at one time he saw Robbins tap Hammond on the shoulder and heard him say, "I don't want any of your money if I don't do business and bring buyers." He further testified that he did not hear any discussions about the terms of the employment or what was to be paid.

The case in the court below was tried without a jury. No question of law is raised in the brief and argument of the plaintiff in error, and we cannot say that the evidence is so manifestly or clearly with the plaintiff in error as to entitle him to a reversal. It has often been held that the finding of a trial court should have all the force and effect of a verdict of a jury. Giving it that effect, we must affirm the judgment.

*Affirmed.*